LILLA M. DEVINE, Respondent, *v*. EDWARD B. KURTZ, Appellant.

First Department, January 10, 1919.

**Fraud — suit to annul sale of bonds induced by fraudulent representations — when plaintiff only entitled to money judgment and not to judgment ordering return of specific funds alleged to have been held by defendant as constructive trustee — when finding of law does not involve intended finding of fact — presumption as to contents of findings of fact.**

Where in a suit to annul a sale of bonds upon the ground of false and fraudulent representations made by the defendant, it is not alleged that the moneys were retained by the defendant so that they could be identified and returned as a specific fund, and there is no finding of such a fact, a judgment directing the defendant to return to the plaintiff the purchase price of the bonds with interest, less certain reductions, upon the ground that he is a constructive trustee for the plaintiff, is unauthorized.

A finding of law that the defendant acquired the moneys from the plaintiff by fraud and held and still holds them as constructive trustee cannot be treated as a finding of fact so as to uphold the judgment, especially since it appears that the moneys were paid by the plaintiff to the defendant nine years prior to the decision in the case.

The judgment should, therefore, be modified so as to provide that the plaintiff have judgment against the defendant for the amount named, with costs.

If a finding of fact be included among the findings of law, the court will treat it as a finding of fact for the purpose of reviewing the judgment, but the judge who made the findings is strongly presumed to have placed among the findings of fact those facts which he intended so to find and to have included in his findings of law only the legal conclusions which he drew from those facts.

APPEAL by the defendant, Edward B. Kurtz, from part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of June, 1918, upon the decision of the court after a trial at the New York Special Term.

The suit was in equity to annul a sale made by the defendant to the plaintiff on the ground of false representations made by the defendant.

*J. Ard Haughwout* of counsel [*Esselstyn & Haughwout,* attorneys], for the appellant.

*Roger Foster,* for the respondent.

SMITH, J.:

In December, 1909, the plaintiff purchased of the defendant four $1,000 bonds. This purchase was induced by the fraudulent representations of the defendant. The plaintiff paid for those bonds the sum of $3,960. She received as interest upon those bonds the sum of $1,017.70, that reduced the $3,960 to $2,942.30, and, in addition to this $2,942.30, the defendant was ordered to pay to her the sum of $2,013.66, which was interest upon the $3,960 from December 31, 1909, to June 22, 1918, the date of said decision. The defendant has appealed from the judgment roll. The only question raised is whether the judgment directed is authorized by the findings of fact. The judgment directed the defendant to return to the plaintiff these moneys as a fund which was received from this plaintiff through the defendant's fraud and held by him as a fund of which he was and is a constructive trustee for the plaintiff. This judgment is such a one as would put the defendant in contempt in case he neglected to pay the same. The defendant's challenge of the judgment is that the plaintiff was only entitled to a money judgment against the defendant for the amount claimed and was not entitled to a judgment which could be enforced by contempt, because there was no finding of fact that the specific moneys paid by the plaintiff to the defendant had been retained by the defendant as a separate fund which could be ordered delivered over to the plaintiff.

In the findings the trial judge found the fraud and payment by the plaintiff to the defendant of $3,960 as facts. In his

findings of fact there nowhere appears any finding to the effect that these moneys were kept separate or retained by the defendant so that they could be identified and directed to be delivered back. The plaintiff supports the judgment by the claim that the second finding of law does in fact embody this as a finding of fact. The second finding of law is as follows:

" II. Said defendant acquired by fraud from the plaintiff and took as constructive trustee from her the sum of $3,960 on December 31, 1909, and held the same as a fund of which he was constructive trustee for her benefit and he still holds of said fund the sum of $2,942.30, besides interest upon the said sum which amounts to $2,013.66."

It is undoubtedly true that if a finding of fact be included among the findings of law the court will treat it as a finding of fact for the purpose of reviewing the judgment, but the judge who made these findings is strongly presumed to have placed among the findings of fact those facts which he intended so to find and to have included in his findings of law only the legal conclusions which he drew from those facts. Unless this conclusion of law, therefore, appears to have been unmistakably intended as a finding of this particular fact the appellate court will not hold the trial judge so to have intended it. In my judgment this second finding of law does not involve unmistakably an intended finding of fact. Whether rightly or wrongly the trial court may have been of the opinion that moneys received by defendant through his fraud were held by him as constructive trustee and *were deemed in law* to remain in his hands as constructive trustee. This possibility is fortified by the fact that these moneys were paid by the plaintiff to the defendant nine years prior to the decision in this case with every reasonable presumption that the identical moneys were not retained by the defendant through those nine years. Without a finding of fact to that effect, therefore, the judgment improperly directed the defendant to return that money as a fund retained and should be modified to provide that the plaintiff have judgment against the defendant for the amount named, with costs to appellant.

This conclusion would seem to me necessary also by reason of the fact that the complaint nowhere alleges that these

moneys had been retained by the defendant, so that they could be identified and returned as a specific fund. The recovery must follow the pleadings. The court below might have amended the complaint if the proof had been made and this court may also amend the complaint to conform to the proof. But the proof is not here. The trial court has found no such fact and with the strong presumption that these moneys were not held as a specific fund for nine years, this court should not in any event amend the pleadings, but should give judgment in accordance with the pleadings as they stand.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment modified as indicated in opinion and as modified affirmed, with costs to appellant. Order to be settled on notice.